## PARKER *v.* PERKINS.

It is customary to allow subsequent attaching creditors to come in and defend, on motion, and upon their furnishing security for costs. But they are in no position to defend upon any other ground than the principal debtor could, until they have proved their claims to be *bona fide* valid claims.

ASSUMPSIT, by B. Franklin Parker against Winslow T. Perkins & Trs., on a promissory note made by the defendant, and payable to the

plaintiff, dated May 1, 1867, for the sum of $900 in thirty days, value received. J. M. Chamberlain & Co., as subsequent attaching creditors, were admitted to defend the suit, having given the usual bond. Upon trial here, on the general issue, the plaintiff proved the execution of the note, and read it to the jury, and there rested. The defendant thereupon moved for a nonsuit, on the ground that the consideration of the note had not been proved; but the court denied the motion, and instructed the jury that, the note being proved, there was *prima facie* evidence of the consideration, to which the defendant excepted, and the jury having returned a verdict for the plaintiff, the defendant moved to set it aside for error in the rulings and instructions aforesaid; and the questions of law thus arising were reserved.

*Hobbs*, for the plaintiff.

Proof of the execution of the note by the defendant was *prima facie* evidence of consideration. A party thus allowed to come in and defend, in a suit upon negotiable paper, stands in no better position than the defendant of record. This point is settled in *Mathewson* v. *Powder Works*, 44 N. H. 292 and 293, and cases cited. 37 N. H. 89, 12 N. H. 254, 41 N. H. 489, and 43 N. H. 593 are all cases involving the question of consideration of deeds, and not of mercantile paper.

In all these cases the party contesting the consideration of the deeds were parties whose claims existed at the time the deeds alleged to be fraudulent were executed. In the case at bar, the party admitted to defend did not even prove that he was a creditor. Being admitted to defend, he must show that he is a creditor. Then the " ordinary principles of evidence " would require him to show that the deed was not for a *bona fide* consideration; but in this class of cases an exception to the usual rule exists, and after the admitted party has shown that he is a creditor, the *onus probandi* is changed, and the party claiming under the deed must show that it was for a *bona fide* consideration; but, until there is proof that the party is a creditor, no such exception to the ordinary rule exists. The identical point is adjudicated in this state in *Prescott* v. *Hayes*, 43 N. H. 597. BELL, C. J. *Kimball* v. *Fenner*, 12 N. H. 248, applies to existing creditors, and not to creditors subsequent to the execution of the deed. If the case cited in 44 N. H. was not fatal to the defendant, we are unable to see in what way he can be relieved of the burden of showing that he was a creditor: being admitted to defend does not prove it, and, in fact, since this suit he has been cast in his suit in Merrimack county upon this very issue, as we understand.

*Rolfe*, specially, for subsequent attaching creditors.

SARGENT, C. J. In *Kimball* v. *Fenner*, 12 N. H. 248, it was held that the acknowledgment, in a deed, of the receipt of a consideration, is not of itself evidence against existing creditors that a considera-

tion was in fact received. As to creditors who have levied on the land, the deed is to be regarded as a mere voluntary conveyance, and presumed to be fraudulent until some evidence is offered of the consideration ; and that even if the admission contained in the deed were held to be *prima facie* evidence of a consideration, that evidence would be sufficiently rebutted by showing that a person who had levied on the land was a creditor when the deed was made. This rule, thus established, was followed in *Belknap* v. *Wendell*, 21 N. H. 184, where GILCHRIST, C. J., says that there is no doubt that the general rule is, that a party claiming under a deed must show, as against existing creditors, that the deed was made upon good consideration ;—and to the same effect is *Ferguson* v. *Clifford*, 37 N. H. 97. In *Prescott* v. *Hayes*, 43 N. H. 593, BELL, C. J., reviewing these authorities, says that these decisions carry this principle far beyond any natural construction of the statutes, which merely provide that, if deeds are made *mala fide*, or without good faith, or without a valuable consideration, they shall be void as to creditors ; yet it was competent for the court, for the purposes of carrying into effect the policy of these statutes, to prescribe a rule of presumption different from that existing in ordinary cases. It is not now material, he says, to inquire into the correctness of these decisions. Their tendency is towards the suppression of fraud, and is therefore right ; and they may, perhaps, be regarded as establishing an exception to the general rule, upon special reasons, limited to a particular case.

We do not recollect any case where the same principles of construction have been applied to promissory notes, but we see no reason why they might not be, when the object is to show them fraudulent, or without consideration, and void, as against existing creditors. But if the same doctrine is to be held as applying to notes as to deeds, it still does not reach far enough to cover this case. The subsequent attaching creditor has not proved his claim. The plaintiff is here claiming to recover a *bona fide* debt ; the defendant is here opposing this claim of the plaintiff, upon the ground that he is a creditor of the defendant. He has been allowed to come in and defend because he has a subsequent attachment, but he has not proved that he has any real or *bona fide* debt, and much less a debt that was due when the plaintiff's note was given, or even when he made his attachment. It must be enough for the plaintiff to prove his note in the ordinary way, until there is some proof of the validity of the claim of the subsequent attaching creditor.

In *Mathewson* v. *Powder Works*, 44 N. H. 289, it is held that any admission of the debtor is good for the plaintiff as against a subsequent attaching creditor, and that such creditor does not defend in any other way, or upon any other ground, than the debtor himself might ; that he stands on no better ground than the party himself would stand ; that he makes the defence for the defendant of record, and not in any other capacity. In any view, the plaintiff's evidence was competent, and was sufficient as against the debtor or this defending creditor.

*Judgment on the verdict.*